UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| HUGH RUSSELL CAMPBELL, | |
| Petitioner, | Civil No. 17-65-HRW |
| V. | |
| THOMAS SMITH, Warden | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Hugh Russell Campbell is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Campbell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. No. 1]. In Campbell's petition, he argues that his sentence is overly harsh and substantively unreasonable because his 360-month prison term for sexually exploiting a minor will exceed his life expectancy. [D. E. No. 1 at 3]. Campbell also states that he has health problems and suggests that the Bureau of Prisons (BOP) improperly refused to help him obtain a compassionate release. [D. E. No. 1 at 4].

Campbell's petition is clearly without merit. As an initial matter, Campbell's argument regarding his 360-month prison term constitutes an impermissible collateral attack on his sentence. That is because while a federal prisoner may challenge the legality of his conviction or sentence in a § 2255 motion, he generally

1

may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). The only exceptions to this rule apply when a prisoner is trying to rely on a new rule of statutory construction, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), and *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016), and that is not the situation here. In short, Campbell cannot use his § 2241 petition as a way of attacking his underlying sentence.

Finally, to the extent that Campbell is challenging the BOP's decision refusing to help him obtain compassionate release, the Sixth Circuit has made it clear "that a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate." *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011). Thus, Campbell's argument on that front is also unavailing.

Accordingly, **IT IS ORDERED** that:

1. Campbell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.  A corresponding judgment will be entered this date.

This 10th day of October, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge